IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| ALYSSA SMITH,<br>3275 Eastern Road,<br>Barberton, Ohio 44203,<br><br>and<br><br>JONATHAN SMITH,<br>3275 Eastern Road,<br>Barberton, Ohio 44203,<br><br>and<br><br>CAROLYN HOLLAND<br>633 33rd Street NW<br>Barberton, Ohio 44203<br><br>            Plaintiffs,<br><br>v.<br><br>THE CITY OF BARBERTON<br>ATTN: Law Director<br>Law Department<br>576 W. Park Avenue<br>Barberton, Ohio 44203,<br><br>and<br><br>DENNIS WEAVER, Interim Director of<br>Utilities<br>The City of Barberton<br>576 W. Park Avenue<br>Barberton, Ohio 44203,<br><br>and<br><br>MICHAEL JACKSON<br>The City of Barberton, Utilities Department<br>576 W. Park Avenue<br>Barberton, Ohio 44203, | Case No.<br><br>Judge<br><br><br><br><br><u>COMPLAINT</u><br>Trespass<br>Nuisance<br>Negligence<br>Physical Taking<br>Violation of Civil Rights<br><br><br><br>(Jury Demand Endorsed Hereon) |

and )
)
NORTHERN PRIDE HOME INSPECTIONS )
LLC, )
C/O Alexander Khlystov, Statutory Agent )
2065 Oakes Drive Extension )
Akron, Ohio 44312, )
)
and )
)
JOHN DOE DEFENDANTS I-X )
current names and addresses unknown )
)
Defendants. )
)
)
)
)
)
)
)
)

For their Complaint against Defendants, The City of Barberton ("Barberton"), Dennis Weaver, Interim Director of Utilities for the City of Barberton ("Mr. Weaver"), Michael Jackson ("Mr. Jackson"), Northern Pride Home Inspections LLC ("Northern Pride"), and John Does I-X (collectively referred to herein as "Defendants"), Plaintiffs, Jonathan Smith ("Mr. Smith") and Alyssa Smith ("Ms. Smith") (collectively, the "Smiths") and Carolyn Holland ("Ms. Holland") (all plaintiffs collectively referred to herein as "Plaintiffs"), aver and allege as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. The Smiths are Ohio residents residing at 3275 Eastern Road, Barberton, Ohio 44203 (the "Smith Property").

2. Ms. Holland is an Ohio resident residing at 633 33rd Street NW, Barberton, Ohio 44203 (the "Holland Property").

2

3. Barberton is a Municipality with an address at 576 W. Park Avenue, Barberton, Ohio 44203, and at all relevant times, Barberton exercised jurisdiction over all homes, sewer systems, and land within the geographical area consisting of the City of Barberton.

4. Mr. Weaver is an Ohio resident and, upon information and belief, at all relevant times acted as an employee, agent, apparent agent, agent by estoppel, and/or representative of Barberton, with a work address of 576 W. Park Avenue, Barberton, Ohio 44203.

5. Mr. Jackson is an Ohio resident and, upon information and belief, at all relevant times acted as an employee, agent, apparent agent, agent by estoppel, and/or representative of Barberton, with a work address of 576 W. Park Avenue, Barberton, Ohio 44203.

6. Northern Pride is an Ohio limited liability company, with an office located at 2065 Oakes Drive Extension, Akron, Ohio 44312.

7. Defendants John Does I-X, current names and addresses unknown, at all relevant times acted as employees, agents, apparent agents, agents by estoppel, and/or representatives of the City of Barberton and had roles in the maintenance of the sewer system.

8. Jurisdiction is proper with this Court because Defendants all reside or transact business in Ohio.

9. Venue is proper with this Court because all or part of the claims for relief arose in Summit County, Ohio.

## FACTUAL BACKGROUND

### The Smith Property

10. Plaintiffs hereby incorporate by reference the preceding allegations as though fully rewritten herein.

11. On or about September 24, 2018, the Smiths purchased the Smith Property.

3

12. The Smith Property is a split-level home, with half of the living space located in the basement and half of the living space located on the main floor.

13. A pump station (the "Pump Station") is next to (adjacent) to the Smith Property. At the time of purchase, the Pump Station contained no signage or other identifying markings.

14. Around the time of purchasing the Smith Property, the Smiths hired Northern Pride as their home inspector for the property.

15. At the time of the inspection, Alexander Khlystov ("Mr. Khlystov") of Northern Pride informed the Smiths that the purpose of the Pump Station was to govern the water level of a nearby recession pond.

16. Mr. Khlystov made no further reference to the Pump Station beyond this representation.

17. At no time did Mr. Khlystov identify the Pump Station as a sewer backup station.

18. When Mr. Khlystov supplied the Smiths with Northern Pride's inspection report for the Smith Property, the report made no mention of the pump station, or of any sewage backup system at all, for the Smith Property.

19. Additionally, Northern Pride's inspection report for the Smith Property noted that the plumbing aspects of the Smith Property were in "acceptable" condition.

20. The Pump Station actually belonged to the City of Barberton and was a defective and poorly-maintained sewage backup pump system. At all relevant times, the City of Barberton knew or should have known that the Pump Station was defective and poorly maintained and therefore, the City of Barberton had actual or constructive notice of the situation.

4

21. After the Smiths took possession of the Smith Property, on or about April 7, 2019, the Smiths woke up to a fountain of raw sewage flooding the basement of their home coming from a drainage pipe on the floor.

22. The Smiths' basement filled ankle-deep with raw sewage causing substantial damage to their floors, walls, furniture, and personal belongings in their basement and putting their health and safety at risk, as well as the health and safety of their children and animals.

23. When the Smiths contacted Barberton regarding this incident, the Smiths were informed that the flood of sewage was caused by faulty maintenance, including a breaker trip in Barberton's sewage drainage system and a failed backup system, of which Barberton was aware.

24. Barberton responded to the Smiths' call by sending an employee who indicated that the sewage flood resulted from a faulty breaker and the backup system failing, and who indicated that this had occurred in the past on other occasions.

25. Barberton was aware of the problem and its chronic system failure.

26. Days after the flood of sewage, Barberton sent out a city worker, Mike Jackson ("Mr. Jackson"), to allegedly conduct an incident report at the Smith Property.

27. At the time Mr. Jackson arrived at the Smith Property, neither Mr. Smith nor Mrs. Smith were home. However, Mr. Jackson falsified his report by claiming Alyssa Smith was home and advised him that the flooding was caused by the Smiths overflowing their own water system. To the extent that the falsification was not authorized or ratified by Mr. Jackson's employer, the City of Barberton which actions amounted to an intentional and/or malicious and/or wonton act which manifested a wonton and/or heedless disregard for the health, safety, welfare, legal rights, civil rights, and constitutional rights of the Smiths under circumstances which would render Mr. Jackson liable for all damages including but not limited to punitive

damages. To the extent that the City of Barberton authorized or ratified Mr. Jackson's action the City of Barberton violated the Civil Rights of the Smith family under circumstances that would render the City liable for all damages and consequences of that Civil Rights violation.

28. Barberton and its employees, including but not limited to Mr. Jackson, then actively attempted to conceal this report by denying the existence of the report and later denying the Smiths access to it. Its contents were uncovered only when Ms. Smith was finally able to obtain a copy of the report from the Department of Insurance after weeks of having her requests ignored by Barberton.

29. This conduct manifests an intentional and/or malicious and/or wonton act which constituted a violation of the Civil Rights of the Smith family by the City of Barberton and by John Does, all Barberton employees who participated in this concealment scheme rendering the City of Barberton liable for all damages and consequences of this Civil Rights violation. To the extent that the conduct of the individual Does were beyond of the scope of their employment and were not authorized or ratified by the City of Barberton the individual Does conduct renders them individually liable for all damages including but not limited to punitive damages.

30. After this incident, Barberton refused to pay out the Smiths for the damage that the flood caused to the Smith Property.

31. Upon information and belief, Barberton had obtained signage for the Pump Station identifying emergency numbers and actions needed in the event of a backup before the flooding incident on the Smith Property.

32. However, Barberton failed to put this signage up on the Pump Station until after the sewage flooding incident.

Sandra Kurt, Summit County Clerk of Courts

33. Since the Smiths' first flood of sewage, Barberton put a huge sign up on the failing Pump Station next to the Smiths' home which reads "WHEN THE RED LIGHT IS ON OR A BACKUP OCCURS CALL 330-848-6744."

34. On or about June 21, 2019, the Smith Property was flooded a second time with raw sewage caused by the failing Pump Station.

35. As the Smith Property was flooding with raw sewage, the Smiths called the number on the Pump Station. No one answered the phone. The Smiths then waited over an hour for someone to respond to their emergent voicemail. Once Barberton's employees finally arrived, they acted with no sense of urgency and instead were witnessed laughing about the flood as if the sewage flooding was an ongoing joke. One of Barberton's employees indicated to the Smiths that the emergency high water indicator had failed, and the City's pumps once again failed, causing the backup.

**The Holland Property**

36. Plaintiffs hereby incorporate by reference the preceding allegations as though fully rewritten herein.

37. Ms. Holland purchased the Holland Property approximately 17 years ago.

38. The Holland Property sits right next to, and downhill from, the Smith Property and has experienced sewage flooding issues similar to those suffered by the Smiths.

39. Ms. Holland has experienced approximately five (5) sewage backups in her home during the time that she has lived there.

40. Three (3) of the dates that she experienced backups were August 14, 2011, August 7, 2014, and September 22, 2018.

7

41. Each time a backup occurred in the Holland Property, Barberton blamed it on its system failing, whether by a generator failure or a disconnect between the City and AT&T.

42. However, the City consistently refused to pay for any of the damages caused to the Holland Property as a result of the flooding caused by its Pump Station.

### Damages

43. Plaintiffs hereby incorporate by reference the preceding allegations as though fully rewritten herein.

44. As a direct result of the flooding events, both the Smiths and Ms. Holland have been forced to discard large amounts of personal property that was ruined by raw sewage.

45. Additionally, the Smiths and Ms. Holland have suffered significant damage to the basements of their homes and have lost the use of their homes' basements as living areas for fear that sewage flooding would destroy whatever improvements they made to them.

46. Moreover, as a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages including, but not limited to, incurred clean-up costs, lost time from work and lost wages, pain and suffering, loss of enjoyment of life, emotional distress, and mental anguish.

47. The Smiths have also been informed that due to the continuous and severe nature of the sewage floods, their home, as well as Ms. Holland's home, have been deemed completely unmarketable and worthless.

### COUNT ONE
### Trespass
### (The City of Barberton, Mr. Weaver, Mr. Jackson, John Does I-X)

48. Plaintiffs hereby incorporate by reference the preceding allegations as though fully rewritten herein.

Sandra Kurt, Summit County Clerk of Courts

49. Defendants intentionally, recklessly, willfully, wantonly, maliciously, and negligently failed to repair and/or maintain the sewer system which caused the accumulation of water and raw sewage on Plaintiffs' properties flooding their homes.

50. As a direct and proximate result of the foregoing conduct, water and raw sewage accumulated, entered, settled, and physically invaded Plaintiffs' land and property.

51. As a further direct and proximate result, Plaintiffs suffered damages as alleged herein.

52. The water and sewage which entered Plaintiffs' properties interfered with Plaintiffs' interests in the exclusive possession of Plaintiffs' land and constituted a continuous trespass upon Plaintiffs' properties.

53. Plaintiffs did not consent to have water and sewage physically invade their land and properties.

54. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages in an amount to be proven at trial in excess of $25,000.00.

## COUNT TWO
### Nuisance
### (The City of Barberton, Mr. Weaver, Mr. Jackson, John Does I-X)

55. Plaintiffs hereby incorporate by reference the preceding allegations as though fully rewritten herein.

56. Defendants own and/or operate the sewer system which services the area surrounding Plaintiffs' properties.

57. By failing to reasonably repair and/or maintain the sewer system, the Defendants have intentionally caused an accumulation of water and sewage on Plaintiffs' properties.

58. Plaintiffs did not consent for water and sewage to enter and settle upon their land and properties.

59. By causing water and sewage accumulated and controlled by the Defendants to physically invade Plaintiffs' properties, Defendants maliciously, recklessly, willfully, wantonly, and with a conscious disregard for the rights and safety of Plaintiffs, created a nuisance which substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their properties.

60. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and continue to suffer damages enumerated herein in an amount to be proven at trial in excess of $25,000.00.

## COUNT THREE
### Negligence and/or Gross Negligence
### (The City of Barberton, Mr. Weaver, Mr. Jackson, John Does I-X)

61. Plaintiffs hereby incorporate by reference the preceding allegations as though fully rewritten herein.

62. Barberton had a duty to reasonably and adequately upkeep and maintain its sewer system to ensure that it did not cause harm to the property of its citizens.

63. Barberton breached this duty by failing and refusing to adequately maintain the Pump Station, facilitated by the egregious and wanton conduct of Mr. Weaver and Mr. Jackson.

64. The Defendants knowingly breached their duty to exercise ordinary care and diligence by failing to repair and/or maintain the sewer system and they knew, or should have known upon reasonable inspection, that such actions would cause Plaintiffs' property to be invaded by raw sewage.

65. The Defendants were also negligent, in and among other things, by failing to timely respond to the raw sewage flooding incidents, failing to put necessary signage or

otherwise notify homeowners of the recurring flooding problem, and by actively concealing the problem through the falsification of reports and failure to put up signage.

66. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and continue to suffer damages in an amount to be proven at trial in excess of $25,000.00.

## COUNT FOUR
### Negligence
### (Northern Pride)

67. Plaintiffs hereby incorporate by reference the preceding allegations as though fully rewritten herein.

68. The Smiths retained Northern Pride to provide professional inspection and consulting services with respect to the Smiths' purchase of the Smith Property, and relied on Northern Pride's representations and written report in purchasing the Smith Property.

69. Northern Pride owed the Smiths a duty to exercise the same degree of care normally exercised by other companies in its field.

70. Northern Pride failed to exercise this requisite degree of care.

71. Northern Pride was negligent in, among other things, failing to conduct an adequate inspection of the Smith Property, failing to identify the true purpose of the Pump Station, failing to point out the significance of its findings, and failing to recommend further testing or investigation of the Smith Property's sewage system or the Pump Station to determine if there was a water and sewage intrusion problem.

72. As a direct and proximate result of Northern Prides' conduct, the Smiths were deprived of the information necessary to make a fully-informed decision as to whether to purchase their home or whether to implement additional safeguards against the risk of a raw sewage flood from the failing Pump Station.

11

73. As a direct and proximate result of Northern Pride's negligence, the Smiths have suffered and continue to suffer damages enumerated herein in an amount to be proven at trial in excess of $25,000.00.

## COUNT FIVE
### Writ of Mandamus
### (The City of Barberton)

74. Plaintiffs hereby incorporate by reference the preceding allegations as though fully rewritten herein.

75. Article I, Section 19 of the Ohio Constitution states that private property shall not be taken for public use without payment of just compensation.

76. Pursuant to Article I, Section 19 of the Ohio Constitution, Plaintiffs have a clear legal right for just compensation as a result of Defendants' taking of Plaintiffs' properties.

77. Pursuant to Article I, Section 19 of the Ohio Constitution, Defendants are under a clear legal duty to provide for just compensation to Plaintiffs for Defendants' taking of Plaintiffs' properties.

78. Because the State of Ohio does not recognize a direct action for inverse condemnation, Plaintiffs have no plain and adequate remedy at law to obtain just compensation for Defendants' taking of Plaintiffs' properties in violation of Article I, Section 19 of the Ohio Constitution.

79. Plaintiffs are parties beneficially interested to maintain this action because they are entitled to just compensation for Defendants' taking of Plaintiffs' properties without just compensation in violation of Article I, Section 19 of the Ohio Constitution.

80. Water and raw sewage from the sewer system maintained and/or negligently repaired by Defendants has physically invaded and settled upon Plaintiffs' land and properties.

12

81. The physical invasion of Plaintiffs' land and property by water and sewage unjustifiably and unlawfully interfered with, hindered, and prevented Plaintiffs from their exclusive right to utilize their property for its intended purpose.

82. The presence of raw sewage on Plaintiffs' properties has resulted in a temporary and/or permanent and substantial interference with the Plaintiffs' use and enjoyment of their property amounting to a taking.

83. Plaintiffs have suffered a direct encroachment upon their property which subjected it to a public use and which excluded or restricted their dominion and control over such property.

84. Plaintiffs have not received just compensation for the substantial interference and/or unconstitutional taking of their land and property.

85. As a direct and proximate result of the foregoing conduct of Defendants, Plaintiffs suffered damages as alleged herein.

86. The unconstitutional taking of Plaintiffs' property was wanton, malicious, in bad faith, and made with a conscious disregard for the rights and safety of Plaintiffs and entitles Plaintiffs to an award of just compensation, punitive damages, and attorneys' fees.

### COUNT SIX
### Violation of Civil Rights
### (City of Barberton, Mr. Weaver, Mr. Jackson, John Does I-X)

87. Plaintiffs' hereby incorporate by reference the preceding allegations as though fully rewritten herein.

88. The City of Barberton and/or its employees, agents, and/or representatives, violated their duties as civic employees, their duties to citizens, and specifically their duties to Plaintiffs under the law, the Constitutions of the United States of America and the State of Ohio,

13

and 42 U.S.C. § 1983, by acting in bad faith, wantonly, and maliciously in the taking of Plaintiffs' properties and the covering up of their liability for damages to Plaintiffs' properties.

89. As a result, the Civil Rights of the Plaintiffs were violated rendering the City of Barberton and its employees and/or agents liable for said violations and all damages and consequences flowing therefrom, including punitive damages and attorneys' fees.

WHEREFORE, Plaintiffs request that the Court grant judgment against Defendants, their officers, agents, employees, and all other persons or entities acting on their behalf, as follows:

a. An award of compensatory damages to the Smiths against all Defendants in excess of $25,000.00 with the specific amount to be proven at trial;

b. A finding that the encroachment of sewage on Plaintiffs' properties constituted a trespass;

c. A finding that the encroachment of sewage on Plaintiffs' properties constituted a nuisance;

d. A finding that the encroachment of sewage on Plaintiffs' properties constituted negligence;

e. An award of compensatory damages to Ms. Holland against Barberton, Mr. Weaver, Mr. Jackson, and John Does in excess of $25,000.00 with the specific amount to be proven at trial;

f. An Order compelling Barberton to engage in the proper appropriation proceedings for the involuntary taking of Plaintiffs' land and property;

g. A finding that Barberton's, Mr. Weaver's, Mr. Jackson's, and John Does I-X' conduct amounted to Civil Rights violations;

14

*Sandra Kurt, Summit County Clerk of Courts*

h.  An award to Plaintiffs of compensatory damages for the mental anguish, suffering, anxiety, embarrassment, distress, agony, and other related nervous conditions and psychological disorders and emotion sequelae which resulted when Plaintiffs' residences were physically invaded by untreated sewage;

i.  An award to Plaintiffs of the diminution in market value of their property;

j.  An award of Plaintiffs' costs and attorney fees herein expended;

k.  Prejudgment and post judgment interest;

l.  An award of punitive damages; and,

m.  Any and all other relief, at law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

NIEKAMP, WEISENSELL, MUTERSBAUGH, & MASTRANTONIO

Natalie M. Niese (#0080330)
Daniel J. Orlando (#0097425)
The Nantucket Building
23 S. Main Street, Third Floor
Akron, OH 44308
330-434-1000 tele
330-434-1001 fax
nniese@nwm-law.com
dorlando@nwm-law.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs, pursuant to Civil Rule 38, hereby request a trial by jury on all issues triable by a jury in this case.

Daniel J. Orlando (#0097425)
*Counsel for Plaintiffs*

15