**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALYSSA SMITH, ET AL.,** | ) | **CASE NO.1:20CV584** |
| | ) | |
| **Plaintiffs,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | |
| **CITY OF BARBERTON, ET A.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**<u>CHRISTOPHER A. BOYKO, SR. J:</u>**

This matter is before the Court on Defendant Northern Pride Home Inspections, LLC.'s Motion for Judgment on the Pleadings.  (ECF # 11).  For the following reasons, the Court denies Defendant's Motion.

On February 12, 2020, Plaintiffs Alyssa Smith, Jonathan Smith and Carolyn Holland, residents of the Defendant City of Barberton, filed their Complaint in Summit County Court of Common Pleas.  The case was removed to federal court on March 18, 2020, as the Complaint alleges violations of Plaintiffs' constitutional rights.

According to the Complaint, the Smith's property lies adjacent to a sewage pumping station run by the City of Barberton.  Both the Smiths' and Holland's properties have been flooded with raw sewage due to Barberton's alleged failure to maintain the pumping station and/or repair a defective condition in the pumping station, resulting in damage to Plaintiffs'

properties.  Defendants Dennis Weaver and Michael Jackson are employees of Barberton purportedly responsible for maintaining the pumping station.  Defendant Northern Pride Home Inspections LLC. provided a home inspection of the Smiths' home prior to their purchase in 2018 but  failed to inform the Smiths that there was a  pumping station adjacent to their property that  pumped raw sewage.  Instead, the inspector told the Smiths the pumping station was only there to regulate a "recession pond."  Nor was their any signage on the pumping station at the time the Smiths bought the home.  In April 2019, the Smiths home was flooded with raw sewage due to the failure of the adjacent pumping station.  When the Smiths complained, Barberton sent out an employee to inspect the damage and put up signage at the pumping station with a number to call if a warning light at the pumping station went on.  Yet, when their property again flooded with raw sewage , the Smiths called the posted number but no one answered.  Plaintiffs assert claims for Trespass, Nuisance, Negligence and Gross Negligence against Barberton, Weaver, Jackson and Doe Defendants and the Smiths assert a Negligence claim against Northern Pride.  Plaintiffs further seek a Writ of Mandamus against Barberton for the unlawful taking of their property and bring a Section 1983 action against Barberton for unlawful taking of their property.

According to Northern Pride, on or about September 24, 2018, the Smiths purchased a residential property on Eastern Road in Barberton.  Unbeknownst to them, the property they purchased was adjacent to a sanitary sewer pumping station.  Prior to their purchase, on August 27, 2018, the Smiths entered into a contract with Northern Pride for a home inspection.  The inspection contract contains a one-year limitation provision for claims arising from a breach of the inspection contract.

The inspection was conducted by Alexander Khylstov.  The Complaint alleges that Khylstov told the Smiths that the purpose of the pumping station was to regulate the level of a nearby "recession pond"    The inspection report did not mention the pump station and found the Smith's property's plumbing to be in acceptable condition.   The Smiths allege Northern Pride owed them a duty to exercise the same degree of care as other companies in the field. The Smiths further allege Northern Pride failed to adequately inspect the property, failed to identify the true purpose of the pumping station, failed to point out the significance of its findings and failed to recommend further inspection of the Smiths' sewage system.

As a result of these negligent acts, the Smiths were unable to make an informed decision on the property and have been injured as a result.

**<u>Northern Pride's Motion</u>**

Northern Pride moves for judgment in its favor on the Smiths' Negligence claim because the only obligation owed the Smiths by Northern Pride stems from its contract with the Smiths for a property inspection.   The contract defines "property inspection" as "a limited  and  primarily  visual  inspection of the readily accessible areas of the property."   It was therefore restricted solely to an inspection of the Smiths' property and not of any adjacent property.  In fact, Northern Pride notes it would have had to trespass onto the pumping station property in order to inspect it.  The inspection contract did not require Northern Pride to do so.   The Home Inspection report noted the plumbing on the property was in "acceptable" condition.  The Smiths purchased the home but on April 7, 2019 awoke to find raw sewage coming into their basement through a drainage pipe in the floor.    The Smiths home again flooded with raw sewage on June 21, 2019.  The Smiths filed this suit seventeen months after

3

the Northern Pride inspection. However, the inspection contract contains a one-year statute of limitation clause for any claims for breach of the contract. Therefore, Northern Pride contends the Smiths' Negligence claim is outside the one-year limitation period under the inspection contract and must be dismissed as untimely.

Plaintiffs oppose Northern Pride's Motion because it relies on extrinsic evidence -i.e. the inspection contract- that is not properly before the Court as the contract was not mentioned in the Complaint nor was it attached thereto. Plaintiffs contend that, should the Court consider the contract, it must convert Northern Pride's Motion for Judgment on the Pleadings to a Motion for Summary Judgment. Furthermore, Plaintiffs assert that, should the Court find the contract controls, the one- year limitation runs from the time the cause of action accrues, not when the inspection was performed. The cause of action did not accrue according to Plaintiffs, until the raw sewage flooded the Smiths' home. Therefore, the Smiths filed their Complaint within the one-year limitation period since their property flooded in April 2019 and the Complaint was filed in February 2020. Lastly, Plaintiffs assert that the express term of the one-year limitation clause applies solely to breach of contract claims. Here, the Smiths have only asserted a Negligence claim against Northern Pride, therefore, the one-year limitation is not triggered and the claim may proceed.

Northern Pride replies that because the inspection contract was attached to its Answer, it may be considered by the Court without converting the Motion for Judgment on the Pleadings to a Motion for Summary Judgment.

## LAW AND ANALYSIS

After the pleadings are closed but within such time as not to delay the trial, any party

4

may move for judgment on the pleadings. Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.  *Almendares v. Palmer,* 284 F.Supp.2d 799, 802 (N.D. Ohio 2003).  Therefore, as with a motion to dismiss, the Court must test the sufficiency of the complaint and determine whether "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.' "  *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.,* 2007 WL 2446740, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  Claims alleged in the complaint must be "plausible," not merely "conceivable."  *Id.*  Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised.  *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).  A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."  *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991) (emphasis added). A written instrument attached to a pleading is a part of the pleading for all purposes. Fed. R. Civ. P. 10(c).  "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

"[T]he interpretation of written contract terms, including the determination of whether those terms are ambiguous, is a matter of law for initial determination by the court." *Savedoff*

*v. Access Grp., Inc.,* 524 F.3d 754, 763 (6th Cir.2008) (applying Ohio law).

**Consideration of the Contract**

Plaintiffs contend the Court cannot consider the inspection contract without converting the Motion for Judgment on the Pleadings to a Motion for Summary Judgment. Fed. R. Civ. P. 12(c) reads, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Similarly to a motion to dismiss under Rule 12(b), the Court construes the allegations in the pleadings as true. Fed R. Civ. P. 12(d) governs the court's consideration of extrinsic materials in ruling on a motion brought under 12(b) or 12c) and reads, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." However, Rule 10(c) expressly describes a written instrument such as a contract attached to the pleading to be " part of the pleading for all purposes."

"In ruling on a motion under Rule 12(c), the court may look only at the 'pleadings.' The term 'pleadings' includes both the complaint and the answer, Fed. R. Civ. P. 7(a), and '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.' Fed. R. Civ. P. 10(c). It therefore follows that an attachment to an answer that is a 'written instrument' is part of the pleadings and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment." *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 887 (M.D. Tenn. 2018) citing *Beasley v. Wells Fargo Bank, N.A.,* Case No. 3:17-cv-00726, 2017 WL 3387046, at *3 (M.D.

Tenn. Aug. 7, 2017); *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002).  Thus, the

Federal Rules of Civil Procedure and relevant caselaw agree that the Court may consider the

inspection contract when ruling on a Rule 12(c) motion without converting it to a motion for

summary judgment.

### Contractual reduction of statutory limitations period

The parties do not dispute that the inspection contract was signed by the parties and is

valid and enforceable.  Nor do Plaintiffs dispute that Ohio law governs the interpretation of

the contract and that Ohio law permits the consensual reduction of statutory limitations via

contract.  "[P]arties to a contract may agree to limit the time for bringing an action to a period

less than provided by relevant statute of limitations so long as that period is reasonable."

*Monreal Funeral Home, Inc. v. Farmers Ins. Co.,* 2010-Ohio-3805, ¶ 33, 189 Ohio App. 3d 1,

9, 937 N.E.2d 159, 165 citing  *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 632, 635

N.E.2d 357.

Plaintiffs brought this action approximately seventeen months after Northern Pride's

inspection.  If the one-year limitation clause applies to their Negligence claim, and the claim

accrued at the time the inspection report was provided, the Smiths' claim fails as it was

brought outside the limitation period.   However, if the Smiths may assert a Negligence claim,

despite the existence of the contract and its one-year limitation clause then, under Ohio law, a

professional negligence claim has a four-year statute of limitations and the claim is timely

brought.  See *Flagstar Bank, F.S.B. v. Airline Union's Mortg. Co.,* 128 Ohio St. 3d 529, 531,

947 N.E.2d 672, 675 (" the applicable statute of limitations for the claim of professional

negligence is R.C. 2305.09(D), which provides:"Except as provided for in division (C) of this

section, an action for any of the following causes shall be brought within four years after the cause thereof accrued...").

Ohio courts have routinely held one-year contractual limitation clauses are reasonable and enforceable.  See *Arp v. Am. Family Ins. Co.*, 187 Ohio App. 3d 561, 567, 932 N.E.2d 968, 973, cause dismissed, 126 Ohio St. 3d 1536, 931 N.E.2d 1100, citing *Hounshell v. Am. States Ins. Co.* (Aug. 5, 1981), 67 Ohio St.2d 427, 429-430, 21 O.O.3d 267, 424 N.E.2d 311. ("It is well settled that a one-year contractual limitations period for bringing suit pursuant to an insurance contract is lawful and enforceable.").  See also *Universal Windows & Doors, Inc. v. Eagle Window & Door, Inc.,* 116 Ohio App. 3d 692, 697, 689 N.E.2d 56, 59 (1996). ("From the record, we conclude that the one-year limitation for a suit based on a breach of the dealer agreement was reasonable.").  See also, *Brondes Ford, Inc. v. Habitec Sec.,* 2015-Ohio-2441, ¶ 148, 38 N.E.3d 1056, 1089.   ("As set forth above, we have determined that the one-year limitation set forth in paragraph 25 of the Agreement is reasonable.").  Therefore, in the absence of any dispute or argument that the one-year limitation clause was unconscionable or unreasonable, the Court finds it a valid and enforceable limitation.

**Negligence claim in light of the contract**

Having determined there exists a valid and enforceable contract between the parties, the Court must next determine whether the existence of the contract and particularly the limitation clause, bars the Smiths' Negligence claim against Northern Pride.  The Court begins with the limitation clause itself, which is found at Section of 5 of the inspection contract and is captioned "Statute of Limitations."  This Section reads: "No suit or action shall be brought against NPHI by Client for breach of this Agreement at any time beyond one

(1) year after the accrual of the cause of action thereof."  The express language subjects only breach of contract claims to the one-year limitation clause per its plain language.   However, the inquiry does not end there.

"In Ohio, a breach of contract does not create a tort claim."  *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.,* 115 Ohio App.3d 137, 151, 684 N.E.2d 1261 (9th Dist.1996).  "Generally, the existence of a contract precludes a tort claim on the same underlying actions, unless the defendant also breached a duty owed independent of the contract." *Netherlands Ins. Co. v. BSHM Architects, Inc.,* 2018-Ohio-3736, ¶ 27, 111 N.E.3d 1229, 1236 (Ct of App. 7th Dist. Sept. 12, 2018.  "Where the causes of action in tort and contract are 'factually intertwined,' a plaintiff must show that the tort claims derive from the breach of duties that are independent of the contract and that would exist notwithstanding the contract." *Stancik v. Deutsche Natl. Bank*, 8th Dist. No. 102019, 2015-Ohio-2517, 2015 WL 3899224, ¶ 40.

In *Netherlands Ins Co.*, a school district brought a negligence claim against an architectural firm and other defendants for the faulty installation of roof drains which resulted in damage to the school district's property.   The Ohio Court of Appeals for the Seventh District held that the school district's tort claim was precluded by a contract between the parties even though the school district did not plead a breach of contract action.

These facts are similar to those before the Court, albeit in a different procedural posture, since the school district's negligence claim was dismissed on a directed verdict in *Netherlands,* whereas in the case at bar Northern Pride as presented it to the Court on a Motion for Judgment on the Pleadings.   Here, the Smiths have not plead a breach of contract claim despite the existence of inspection contract, but have limited their claim to Negligence

against Northern Pride.

In order to survive a Motion for Judgment on the Pleadings, Plaintiffs have to allege a

duty owed by Northern Pride to the Smiths that exists outside the contract. In their

Complaint, the Smiths' Negligence claim alleges the following:

> The Smiths retained Norther Pride to provide professional inspection
> and consulting services with respect to the Smiths' purchase of the Smith
> property, and relied on Northern Pride's representations and written reports in
> purchasing the Smith property.

> Northern Pride owed the Smiths a duty to exercise the same degree of
> care normally exercised by other companies in its field.

> Northern Pride failed to exercise this requisite degree of care.

> Northern Pride was negligent in, among other things, failing to conduct
> an adequate inspection of the Smith Property, failing to identify the true
> purpose of the Pump Station, failing to point out the significance of its
> findings, and failing to recommend further testing or investigation of the
> Smith's Property sewage system or the Pump Station to determine if there was
> a water or sewage intrusion problem.

(Complaint ¶'s 68-71).

"Under Ohio law, the existence of a contract action generally excludes the opportunity

to present the same case as a tort claim." *Wolfe v. Cont'l Cas. Co.,* 647 F.2d 705, 710 (6th

Cir.), cert. denied, 454 U.S. 1053, 102 S.Ct. 597, 70 L.Ed.2d 588 (1981). "[A] tort exists only

if a party breaches a duty which he owes to another independently of the contract, that is, a

duty which would exist even if no contract existed." *Id.* "Tort law is not designed * * * to

compensate parties for losses suffered as a result of a breach of duties assumed only by

agreement. That type of compensation necessitates an analysis of the damages which were

within the contemplation of the parties when framing their agreement. It remains the

particular province of the law of contracts." *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.,* 106 Ohio St. 3d 412, 414, 835 N.E.2d 701, 704 quoting *Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn.* (1990), 54 Ohio St.3d 1, 3, 560 N.E.2d 206. 54 Ohio St.3d at 7, 560 N.E.2d 206. "When a duty in tort exists, a party may recover in tort. When a duty is premised entirely upon the terms of a contract, a party may recover based upon breach of contract." *Corporex,* 106 Ohio St. 3d at 415.

Here, despite the existence of a contract governing the work to be performed by Northern Pride for the Smiths, the Smiths argue they may proceed solely on a tort claim. In *Solid Gold Jewelers v. ADT Sec. Sys., Inc.,* 600 F. Supp. 2d 956, 960 (N.D. Ohio 2007), a district judge in this District rejected just such an argument in the absence of a separate duty imposed by law. "Plaintiff contends that, under Ohio law, it may maintain a negligence action against ADT because ADT owed Plaintiff an independent duty to perform its contractual obligations with care, skill and faithfulness. Ohio law does not, however, impose a separate duty of care upon every party to a contract. An "exception" to the general rule does exist, but only "in those contract situations where a special or fiduciary relationship exists between the parties and imposes a duty of good faith will the breach of [contract] result in a tortious cause of action." *Id. Citing Schachner v. Blue Cross and Blue Shield of Ohio,* 77 F.3d 889, 897 (6th Cir.1996) (citing *Empire–Detroit Steel Div. Cyclops Corp. v. Penn. Elec. Coil, Inc.,* No. CA–2903, 1992 WL 173313, at *3 (Ohio Ct.App. 5th Dist. June 29, 1992)).

In *Solid Gold,* the District Court held that, absent some independent duty owed by defendant to a plaintiff outside those found in the contract, plaintiff could not maintain a tort action when a contract governed the parties' relationship. The determination of whether a

duty exists is question of law for the court to decide. *Mussivand v. David,* 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

Under the facts before this Court, however, the Ohio Supreme Court has found, in the professional negligence context, an independent duty not to negligently provide false information that the professional has reason to know its customer will rely on in the transaction. In *Corporex,* the Ohio Supreme Court cited to its prior decision in *Haddon View Investment Co. v. Coopers & Lybrandt,* 70 Ohio St.2d 154, 24 O.O.3d 268, 436 N.E.2d 212 for the proposition that Section 552 of the Restatement of Law 2d (Torts) (1979), adopted by Ohio, recognized "professional liability, and thus a duty in tort, only in those limited circumstances in which a person, in the course of business, negligently supplies false information, knowing that the recipient either intends to rely on it in business, or knowing that the recipient intends to pass the information on to a foreseen third party or limited class of third persons who intend to rely on it in business." *Corporex Dev,* 106 Ohio St. 3d at 415. Consequently, Ohio law does provide an independent duty on professionals, including home inspectors, not to provide false information on which they know their clients will rely.

Here, the Smiths expressly assert in their Complaint that Northern Pride falsely represented the Pumping Station was only a regulator for a "recession pond," and the Smiths relied on that false information. Thus, at this stage of the proceedings, the Court must accept this allegation as true. As such, the Court finds Plaintiffs have asserted plausible facts to support their Negligence claim against Northern Pride and that such a claim may proceed in spite of the existence of a contract.

Northern Pride relies on the Ohio Common Pleas case of *Smallwood v. Jodrey,* No.

2006CVC01305, 2007 WL 4078945 (Ohio Com.Pl. Apr. 17, 2007), wherein the court granted a motion to dismiss of a home inspector against his client for a purportedly flawed home inspection.  The home inspector pointed to a one-year limitation clause in the home inspection contract that barred claims for damages brought more than one year after the delivery of the home inspection report.  The court held, "A review of the ordinary language contained in the Inspection Agreement reveals Plaintiff's clear consent to a one-year period during which she could bring any claim for damages against the Rechtin Defendants."  However, in the *Smallwoood* case, the one-year limitation clause was more broadly written.  It read, "no action may be brought to recover damages against the inspector more than one year after delivery of the inspector's written report to the client."  Thus, it was broadly worded so as to encompass both a breach of contract action and tort actions.  Here, the Defendant's one-year limitation expressly limits its application to breaches of the agreement.  In light of the plain language of the limitation clause and independent duty on professionals imposed under Ohio law, the Court denies Defendant's Motion for Judgment on the Pleadings as the Smiths have plead a plausible claim for Negligence as the time to bring such a claim is four years under the applicable Ohio Statute of Limitations and the Smiths have timely brought their claim.

IT IS SO ORDERED.


 /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge

14